UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LEEDS, MORELLI, & BROWN, P.C.,         :
                                        :
                Plaintiff,              :       **MEMORANDUM AND ORDER**
                                        :
        -against-                       :       05-CV-1135 (DLI) (SMG)
                                        :
Connie HERNANDEZ and L'Oreal DIAZ,      :
                                        :
                Defendants.             :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

This case was brought by a Long Island law firm, Leeds, Morelli & Brown, P.C. ("LMB"), to enforce a settlement agreement with two of its former clients, defendants Connie Hernandez and L'Oreal Diaz. Defendants have filed a notice of removal from Nassau County Supreme Court. Jurisdiction is purportedly based on diversity of citizenship. Defendants now seek to transfer this case to the U.S. District Court for the District of New Jersey, where they have an action pending against LMB, among others. LMB originally sought to remand the case to state court on the basis that this court lacks subject matter jurisdiction, but has subsequently withdrawn that motion. LMB remains opposed to defendants' motion to transfer. For the reasons set forth below, defendants' motion is denied and this action is remanded to New York Supreme Court, Nassau County.

**BACKGROUND**

The convoluted and sordid history of the present case can only be properly understood by reference to three underlying lawsuits.

The "Employment Discrimination Actions"

LMB previously represented Hernandez and Diaz in employment discrimination actions against their former employer. Apparently on LMB's advice, Hernandez and Diaz settled their

employment discrimination claims.

The "Excessive Compensation Action"

At some point, "Hernandez became suspicious about the manner in which LMB represented her against her employer and contacted Michael Gentile, Esq. Gentile advised Hernandez that LMB had received improper and excessive compensation and agreed to undertake to seek additional compensation on behalf of Hernandez and Diaz against LMB." Hernandez and Diaz settled the Excessive Compensation Action with LMB, receiving $60,000 and $54,500, respectively. The Settlement Agreements included confidentiality and anti-disparagement provisions as well as a general release. These provisions require Hernandez and Diaz to keep confidential all aspects of the Excessive Compensation Action and settlement thereof, refrain from disparaging LMB, and release all claims against LMB.

The "New Jersey Action"

Subsequent to settling the Excessive Compensation Action, Hernandez allegedly became aware, through news stories, that LMB received payments from companies they were retained to sue. After further investigation, Hernandez learned that Gentile had been "ethics counsel" to LMB since the year 2002. In October 2004, Hernandez and Diaz commenced an action in the U.S. District Court for the District of New Jersey based on Gentile's representation of them in their Excessive Compensation Action against LMB. The New Jersey Action names Gentile, Gentile's (now former) law firm, LMB, and LMB's principles.

The "Nassau County/Instant Action"

In January 2005 (nearly 4 months after the New Jersey Action was filed), LMB commenced an action against Hernandez and Diaz in New York State Supreme Court, Nassau County. LMB

alleges in the Nassau County/Instant Action that defendants' filing of a complaint and prosecution of the New Jersey Action violates the confidentiality, anti-disparagement, and release provisions of the Settlement Agreements. LMB seeks repayment of the amounts paid to Hernandez and Diaz to settle the Excessive Compensation action, among other relief.

On February 2, 2005, the Nassau County Judge issued a Temporary Restraining Order enforcing the Settlement Agreements. On March 1, 2005, Hernandez and Diaz filed a notice of removal to this court. LMB originally sought remand to the state court based on lack of subject matter jurisdiction, but now merely opposes the transfer of this action to the District of New Jersey. Hernandez and Diaz seek to have this action transferred to District of New Jersey on the grounds that it constitutes a compulsory counterclaim under FED. R. CIV. P. 13(a).

**DISCUSSION**

It is axiomatic that the burden of articulating a basis for the court's subject matter jurisdiction rests on the party seeking to invoke the court's jurisdiction. In their Notice of Removal, defendants indicate that the parties are of diverse citizenship and that the defendants have a claim pending against plaintiffs in federal court in New Jersey with an amount in controversy which exceeds $75,000. The Notice of Removal makes no mention of the amount in controversy for the action actually removed. The defendants further argue, in their brief, that the claims made by LMB in the Nassau County/Instant Action are compulsory counterclaims required to be plead in the New Jersey Action. Defendants concede that none of the claims in the Nassau County/Instant Action meet the $75,000 jurisdictional threshold. Rather, defendants argue that because the claims in the Nassau County/Instant Action constitute compulsory counterclaims in the New Jersey Action, jurisdiction should be determined by measuring the amount of damages sought in the New Jersey Action.

3

Defendants offer no support for their arguments and the court can find none. Generally speaking, a court lacks power to issue an order in a matter over which that court lacks subject matter jurisdiction. Defendants' argument that "[t]he compulsory nature of [LMB]'s counterclaim negates any requirement to establish subject matter jurisdiction for the counterclaim[ because] the district court has ancillary jurisdiction over the compulsory counterclaim" misses the point. Only a court which has original jurisdiction over a case may assume supplemental jurisdiction over compulsory counterclaims arising therefrom. Since defendants have not articulated a basis for this court's exercise of original jurisdiction, no supplemental jurisdiction may be assumed.[1] The two cases cited by defendants in support of their proposition, *Federman v. Empire Fire and Marine Ins. Co.* and *Neuberger, Loeb & Co., Inc. v. Gross*, are inapposite because both cases involved complaints brought pursuant to the federal securities laws, thereby conferring federal question jurisdiction over the original claims. *Federman*, 597 F.2d 798, 802 (2d Cir. 1979); and *Neuberger*, 563 F.2d 1057, 1065 (2d Cir. 1977).

The defendants' argument that the "first filed" rule requires a transfer of the instant action the District of New Jersey also fails. "The 'first filed' rule states that where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action unless there are special circumstances which justify giving priority to the second action." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) (internal quotations and citations omitted). Defendants have cited no case in which a district court which lacked subject matter jurisdiction over a case has transferred that case to another district. In fact, the remaining cases cited by defendants support the

---

[1] This court offers no opinion as to whether the New Jersey District Court should or could exercise supplemental jurisdiction.

argument that defendants have applied to the wrong court for relief.

For example, in *National Equipment Rental, Ltd. v. Fowler*, 287 F.2d 43 (2d Cir. 1961), plaintiff, National Equipment, a New York Corporation, filed an action in the U.S. District Court for the Eastern District of New York (the "EDNY Action") against three individuals and one corporation, all of whom were domiciled in Alabama.[2] The defendant corporation then filed an action in the U.S. District Court for the Northern District of Alabama alleging two claims, one of which was identical to a counterclaim alleged in the EDNY Action and the other of which was pleadable as a compulsory counterclaim pursuant to FED. R. CIV. P. 13(a). On plaintiff's motion, the Eastern District issued an order in the EDNY Action enjoining defendant corporation from proceeding further in Alabama District Court. Citing the first filed rule, the Second Circuit affirmed. *National Equipment* is distinguishable because the Eastern District unquestionably had subject matter jurisdiction over the action in which it had issued the injunction based on diversity of citizenship.

Each of the other cases cited by defendants share a common fact with *National Equipment* which is lacking in this case. The courts which issued the orders transferring, staying, or enjoining certain conduct had subject matter jurisdiction over the cases in which those orders were issued. Since this court lacks subject matter jurisdiction over the instant matter, no order transferring the case may be issued. *See e.g., CIBC World Markets v. Deutsche Bank Secs.*, 309 F. Supp. 2d 637, 643 (D.N.J. 2004) ("A court must itself have subject matter jurisdiction over an action before it may transfer that action under § 1404(a)."); *American Homecare Federation v. Paragon Scientific Corp.*, 27 F.Supp.2d 109, 114 (D.Conn. 1998) ("A court may transfer a case pursuant to Section 1404(a)

---

[2] Presumably because of a prior contract, personal jurisdiction over defendants in New York was not an issue in *National Equipment*.

only if it has subject matter jurisdiction and proper venue."); *Levitt v. State of Maryland Deposit Ins. Fund Corp.*, 643 F. Supp. 1485, 1490 n.3 (E.D.N.Y. 1986) ("Federal courts must, however, find the existence of subject-matter jurisdiction before they may entertain a motion to transfer.") In addition, the failure of subject matter jurisdiction requires remand to the state court whether the plaintiffs seek it or not. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") Accordingly, defendants' motion is denied and this case is remanded to New York State Supreme Court, Nassau County.

SO ORDERED

DATED: Brooklyn, New York
September 6, 2005

_____/s/_____
DORA L. IRIZARRY
United States District Judge